UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FORIDA
FORT LAUDERDALE DIVISION

Case Number:

ANTHONY COSCIA,
and other similarly-situated individuals,

    Plaintiff(s),

v.

FIRST CLASS AIR CONDITIONING &
APPLIANCE, INC. and JOSE TEDIM, individually
and IVAN ABOLOFIA, individually,

    Defendant.

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff, and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendant and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. **ANTHONY COSCIA** (hereinafter "Plaintiff") is a resident of BROWARD County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, FIRST CLASS AIR CONDITIONING, INC. **(hereinafter "FIRST CLASS")** is a Florida Profit corporation having their main place of business in Davie,

Florida, where Plaintiff worked for defendant, and at all times material hereto was and is engaged in interstate commerce and Defendants JOSE TEDIM and IVAN ABOLAFIA, individually, are Florida residents and reside in Broward County, Florida.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST FIRST CLASS

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U S C. § 216(b). The Employers were and, at all times pertinent to this Complaint, engaged in interstate commerce.

7. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic

transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a AIR CONDITIONER AND APPLIANCE SERVICING COMPANY and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as an ASSISTANT TECHNICIAN for the Defendant's business.

10. While employed by Defendant, Plaintiff worked an average of 60 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Specifically, the Plaintiff worked 20 hours of overtime per week making regular time and not time and a half. Plaintiff was employed as a ASSISTANT TECHNICIAN performing the same or similar duties as that of those other

similarly-situated ASSISTANT TECHNICIANS who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

11. Plaintiff was paid an average of **$3.33** an hour for the eleven months he worked with the Defendant but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Specifically, Plaintiff is owed $3.92 an hour to get to minimum wage for 40 hours of work and $7.55 an hour overtime for the 20 hours of over time totaling $307.80 a week for approximately 46 weeks or $14,158.80. Further, the Plaintiff seeks liquidated damages in the amount of $14,158.80 for a total of $28,317.60 in damages.

12. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

13. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act

and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

14. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law

F. Plaintiff demands a trial by jury.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST JOSE TEDIM

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. At the times mentioned, Defendant JOSE TEDIM, was, and is now, the Director and/or owner of Defendant Corporation. Defendant JOSE TEDIM, was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant JOSE TEDIM, had operational control of the business and is jointly liable for Plaintiff's damages.

18. Defendant JOSE TEDIM, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

19. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Joseph, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law

F. Plaintiff demands a trial by jury.

## COUNT III: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST IVAN ABOLOFIA

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. At the times mentioned, Defendant IVAN ABOLOFIA, was, and is now, the Director and/or owner of Defendant Corporation. Defendant IVAN ABOLOFIA, was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant IVAN ABOLOFIA, had operational control of the business and is jointly liable for Plaintiff's damages.

22. Defendant IVAN ABOLOFIA, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

23. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Joseph, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law

F. Plaintiff demands a trial by jury.

## COUNT IV: RETALIATORY DISCHARGE IN VIOLATION OF FLORIDA STATUTE SECTION 440.25 AGAINST FIRST CLASS

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above

25. The acts or omissions giving rise to this complaint occurred in whole or in part in Davie, Florida

26. All conditions precedent to bringing this action have occurred, been performed or been excused.

27. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fees.

28. At all times relevant, Plaintiff was employed by the Defendants as a assistant technicnian.

29. On or about July 16, 2009, Plaintiff suffered a work related injury to his right shoulder and left knee.

30. The above alleged injury required medical treatment.

31. After the work related accident as described above, Plaintiff reported his injuries to the Defendant through his supervisor and requested medical treatment

32. On the same day of the accident, Defendant retaliated against Plaintiff for claiming the workers' compensation benefits and reporting the work related injury by firing Plaintiff.

33. One of the Defendant's motivating factors in firing Plaintiff was Plaintiff's request for workers' compensation benefits.

34. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and a motivating factor of his termination was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law as Plaintiff was entitled to do.

35. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. Sec 440.205 and, as a direct result, the Plaintiff has been damaged.

36. By reason of Defendant's wrongful discharge of Plaintiff. Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

37. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to damages.

WHEREFORE, Plaintiff requests that this Honorable Court award Plaintiff damages in this matter

JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
11900 Biscayne Boulevard
Suite 288
Miami, Florida 33181
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Elvis J. Adan, Esq.
Florida Bar Number: 024223